IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 19, 2016 Session

**BILLY COFFEY, ET AL. v. HAMBLEN COUNTY, ET AL.**

**Appeal from the Circuit Court for Hamblen County**
**No. 15CV139      Douglas T. Jenkins, Chancellor**

___

**No. E2016-01116-COA-R3-CV-FILED-DECEMBER 28, 2016**

___

D. MICHAEL SWINEY, C.J., concurring and dissenting.

I fully concur in the majority's opinion with the exception of the majority's determination that "we simply cannot agree with the trial court's classification of the claim at issue as a consumer claim when Plaintiffs filed suit pursuant to a contract between the County and EMS for the *failure* to provide services as promised in the service agreement." I instead believe that the language of the AHLA, as set out in the majority's opinion and applicable to this issue, is broad enough to cover an alleged failure to provide services as promised in the service agreement. Specifically, I believe the definition in the AHLA, as quoted by the majority, defining a Consumer Case to be "a dispute between a Health Care Entity and a Consumer concerning: (a) the delivery of care or treatment by the Health Care Entity. . ." is broad enough to cover a failure to deliver the required care or treatment.

The AHLA itself provides, again as quoted by the majority, that "[t]hese definitions shall be construed liberally with any doubts as to whether a case is a Consumer Case to be resolved in favor of providing the protections contained in these rules to the Consumer." The majority's interpretation of the AHLA language at issue is a reasonable one. However, I believe that my interpretation of the AHLA language at issue also is a reasonable interpretation. I believe this doubt brings this squarely within the AHLA requirement that whenever there is any doubt as to whether a case is a Consumer Case, the AHLA is to be liberally construed to resolve the doubt in favor of providing the protection contained in the AHLA rules to the Consumer. Construing the language liberally in favor of the Consumer as to "Consumer Case," as required by the AHLA itself, I think "the delivery of care or treatment by the Health Care Entity. . ." is broad enough to cover an alleged failure to deliver the care or treatment required of the health

care entity. I express no opinion at all as to whether there was any such a failure to provide any required care or treatment by the health care entity, but address only whether the definition of "Consumer Case" under the AHLA itself is broad enough to cover an alleged failure to deliver the required care or treatment.

I agree with all of the majority's opinion except for this one aspect and, I respectfully dissent only from that one aspect of the majority's opinion. Therefore, I would affirm the decision of the trial court in its entirety.


_____
D. MICHAEL SWINEY, CHIEF JUDGE